UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PORFIRIO ALONZO IZAGUIRRE,

    Petitioner,

v.                                                          Case No.: 2:26-cv-00048-SPC-DNF

MATTHEW MORDANT *et al.*,

    Respondents,
_____/

## OPINION AND ORDER

    Before the Court are Porfirio Alonzo Izaguirre's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 5), and Alonzo Izaguirre's reply (Doc. 6). For the below reasons, the Court grants the petition.

    Alonzo Izaguirre is a native and citizen of Honduras who entered the country without inspection in 2007. He has a U.S. citizen wife, two U.S. citizen children, and two children who are lawful permanent residents. The Department of Homeland Security ("DHS") commenced removal proceedings in 2014, after Alonzo Izaguirre was convicted of domestic battery. U.S. Border Patrol encountered and detained Alonzo Izaguirre on December 8, 2025, and Immigration and Customs Enforcement ("ICE") moved to re-calendar removal proceedings. He remains detained in Glades County Detention Center without an opportunity to seek release on bond.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Alonzo Izaguirre. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Alonzo Izaguirre asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in prior cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Alonzo Izaguirre's detention is governed by § 1226(a), not § 1225(b)(2). As a noncitizen detained under § 1226(a), Alonzo Izaguirre has a

right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

The Court will thus order the respondents to either bring Alonzo Izaguirre before an immigration judge for a bond hearing or release him within ten days. The respondents note that the Executive Office for Immigration Review is the agency that conducts and manages bond hearings. To be clear, it is the Court's ruling that subjecting Alonzo Izaguirre to mandatory detention under § 1225(b)(2) is unlawful. If the respondents are unable to ensure Alonzo Izaguirre receives the bond hearing he is entitled to under § 1226(a) within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

Porfirio Alonzo Izaguirre's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within ten days of this Order, the respondents shall either (1) bring Izaguirre for an individualized bond hearing before an immigration judge or (2) release Alonzo Izaguirre under reasonable conditions of supervision. If the respondents release Alonzo Izaguirre, they shall facilitate his

transportation from the detention facility by notifying his counsel when and where he may be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on January 26, 2026.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1